**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL DIGITAL INCLUSION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>PRESIDENT DONALD J. TRUMP, *et al.*,<br><br>Defendants. | No. 1:25-cv-03606-JDB |

**PLAINTIFF'S MOTION TO STAY AND STAY BRIEFING DEADLINES**

Plaintiff respectfully requests that the Court immediately suspend the briefing schedule for Defendants' motion to dismiss and stay this case pending the U.S. Court of Appeals for the D.C. Circuit *en banc* decision in *Climate United Fund v. Citibank, N.A.*, 154 F.4th 809 (D.C. Cir.), *reh'g en banc granted, opinion vacated*, No. 25-5122, 2025 WL 3663661 (D.C. Cir. Dec. 17, 2025). A stay will not prejudice any party and will serve judicial economy and conserve the litigants' resources by putting briefing on pause pending a decision that will likely materially affect the content of the parties' motion to dismiss briefing and this Court's decision. *Climate United Fund* and this case have similar facts; both concern constitutional and Administrative Procedure Act ("APA") claims stemming from the dismantling of a statutory program by the executive branch and termination of grants thereunder. *Id.*; Compl. ¶ 15. The *en banc Climate United Fund* decision will also likely address two legal issues that are key to this case: 1) whether a district court has jurisdiction to hear challenges to the dismantling of a statutory grant program, or whether the Court of Federal Claims has jurisdiction under the Tucker Act; and 2) whether constitutional claims related to the dismantling of a statutory grant program by the executive branch should be considered statutory *ultra vires* claims. *Climate United Fund*, 154 F.4th at 809; Defs.' Mot. to

1

Dismiss at 9, 34, Dkt. No. 32-1 ("Mot. to Dismiss"). Pursuant to Local Civ. R. 7(m), the parties have conferred and Defendants have indicated that they will oppose this motion.

The Court has inherent power to manage its affairs, including to issue stays. "A district court has broad discretion to stay a proceeding pending the resolution of proceedings in other courts where the other proceedings may affect the scope and necessity of litigation." *Edward W. Sparrow Hosp. Assn'n v. Sebelius*, 796 F. Supp. 2d 104, 106 (D.D.C. 2011) (quotation omitted). Doing so here would prevent waste of the parties' and the Court's resources. *See United States ex rel. Vt. Nat'l Tel. Co. v. Northstar Wireless, L.L.C.*, No. CV 15-728 (CKK), 2017 WL 11898169, at *2 (D.D.C. Mar. 2, 2017). The *Climate United Fund* decision will likely affect the parties' motion to dismiss briefing and having the benefit of this currently pending and ultimately controlling decision will help alleviate the need for the parties to amend or supplement the remaining briefing on the motion to dismiss. Other courts in the District of Columbia have already issued stays (with consent of the Department of Justice ("DOJ")) pending the Court of Appeals decision in *Climate United Fund* and other similar cases. *See, e.g.*, *AIDS Vaccine Advoc. Coal. v. U.S. Dep' of State*, No. 1:25-cv-00400-AHA (D.D.C.); *Bldg. Materials Re-Use Assoc. v. U.S. EPA*, No. 1:25-cv-02493-ABJ (D.D.C.); *Harris Cnty., Tex. v. Kennedy*, No. 1:25-cv-01275-CRC (D.D.C.); *Cristosal Hum. Rts. v. Marocco*, No. 1:25-cv-00857-LLA (D.D.C.). The outcome here should be no different—the Court should stay this case in the interest of judicial economy.

## I.    BACKGROUND

In *Climate United Fund*, recipients under the Greenhouse Gas Reduction Fund brought an action against the Environmental Protection Agency ("EPA") and Citibank, N.A. seeking declaratory and injunctive relief arising from EPA's termination of the grants based on claims under contractual and conversion theories, the APA, and separation of powers under the Constitution. The District Court granted a preliminary injunction, which the D.C. Circuit reversed on defendants'

appeal, holding that the claims were "essentially contractual," and per the Tucker Act "jurisdiction lies exclusively in the Court of Federal Claims." *Climate United Fund*, 154 F.4th at 817. The Circuit Court also held that the constitutional claims should be considered *ultra vires* "[c]laims that agency officials acted in excess of their statutory authority[.]" *Id.* at 826-29.

The *Climate United Fund* plaintiffs filed a motion for rehearing *en banc*, and on December 17, 2025, the D.C. Circuit granted the motion and vacated the panel decision. *Per Curiam* Order, No. 25-5122, Dkt. No. 2150924. Oral argument was held on February 24, 2026, *id.*, and on March 9, 2026, the court requested supplemental briefing from the parties. *Per Curiam* Order, Dkt. No. 2162651.

On February 6, 2026, Defendants in the instant action filed their motion to dismiss in which they argue, *inter alia*, that 1) the District Court lacks jurisdiction over the dispute because Plaintiff's claims sound in contract and, therefore, under the Tucker Act the Court of Federal Claims has exclusive jurisdiction; and 2) that Plaintiff's constitutional claims should properly be considered statutory *ultra vires* claims. Mot. to Dismiss at 9, 34. Plaintiff's opposition is currently due on April 7, 2026.

Pursuant to Local Civ. R. 7(m), the parties have conferred and Defendants have indicated they will oppose the motion to stay. On February 20, 2026, Plaintiff contacted Defendants regarding the need for a stay in this case pending the decision in *Climate United Fund*, and the parties met and conferred on February 24. On March 3, Defendants indicated that they would oppose a motion to stay but would be amenable to a reciprocal two-week extension. On March 12, Plaintiff indicated that after further discussion they would not file the motion to stay at that time but asked if Defendants would agree to a four-week extension.

On March 16, Defendants indicated they would agree to a three-week extension, and on March 18, Plaintiff agreed with that proposal and provided a draft joint motion. On March 19, Defendants noted their disagreement with the draft motion's reference to *Climate United Fund* and provided an alternative draft motion without that reference. On March 20, Plaintiff requested a call with Defendants and provided information about other cases in this district that are stayed pending the *Climate United Fund* decision with DOJ's consent. Defendants could not explain their contradictory position in this case, and instead stated they would likely continue to oppose a stay, but suggested the parties still file a request for reciprocal three-week extensions and suggested the inclusion of a footnote in Defendants' proposed motion for an extension noting that the parties were still discussing a stay due to *Climate United Fund*. On March 22, Plaintiff provided Defendants with a revised version of their proposed motion. After two follow-up requests, on March 24, Defendants changed course and gave Plaintiff an ultimatum: they would agree to a joint request for an extension so long as it did not include a footnote about *Climate United Fund*, or Plaintiff could file an opposed motion to stay. Rejecting such gamesmanship and in the interests of judicial economy, Plaintiff now files this motion to stay.

## II.     ARGUMENT

Plaintiff moves the Court to stay proceedings pending the D.C. Circuit's decision in *Climate United Fund* because both cases have similar factual backgrounds and the *Climate United Fund* decision concerns legal issues that are central to the parties' motion to dismiss briefing.

The core factual framework in both *Climate United Fund* and the instant case is the same: entities under cooperative agreement with the U.S. government challenged the dismantling of the statutory program giving rise to their work by an executive branch agency. Compl. ¶ 15; *Climate United Fund*, 154 F.4th at 818.

The cases also share overlapping key legal issues. The panel decision in *Climate United Fund* held that the plaintiffs' "claims are essentially contractual, and therefore jurisdiction lies exclusively in the Court of Federal Claims," and that the plaintiffs' separation of powers claim "is not a constitutional claim at all, but rather a claim that EPA violated the Inflation Reduction Act" that should be analyzed as an *ultra vires* claim. *Climate United Fund*, 154 F.4th at 817, 826. The motion to dismiss in the instant case makes both of these arguments exactly. Mot. to Dismiss at 9, 34. The D.C. Circuit's *en banc* decision in *Climate United Fund* will thus provide new, binding precedent on these issues.

Staying the deadlines in the case until the D.C. Circuit issues its *en banc* decision in *Climate United Fund* "is warranted because resolution of pending litigation in the D.C. Court of Appeals will likely 'narrow the issues in the pending cases and assist in the determination of the questions of law involved.'" *Fonville v. District of Columbia*, 766 F. Supp. 2d 171, 174 (D.D.C. 2011) (citation omitted). A stay would avoid a "waste [of] both the litigants' and the Court's resources" because otherwise "it seems likely that the parties would need to amend or supplement their pleadings," as both Plaintiff and Defendants would likely need to amend briefing in response to the motion to dismiss to integrate and account for the *Climate United Fund* decision. *Vt. Nat'l Tel. Co.*, 2017 WL 11898169, at *3. Consequently, the Court's decision will also likely benefit from full briefing that accounts for the most recent controlling decision on these issues. A stay is also appropriate where, as here, a "decision of the D.C. Circuit is likely to have a considerable impact on the next stage of proceedings . . . even if the decision is unlikely to dispose" of all the issues in the motion to dismiss briefing. *Id.* A stay is all the more appropriate because the jurisdictional Tucker Act issue is a threshold question, and having the benefit of the *Climate United Fund* decision would prevent the Court from potentially expending judicial resources unnecessarily.

In addition, several other courts in this district have issued stays (with consent of DOJ) pending the decision in *Climate United Fund* and other similar cases, *Vera Institute of Justice v. U.S. Department of Justice*, No. 25-5248 (D.C. Cir. argued Oct. 14, 2025), and *National Treasury Employees Union v. Vought*, No. 25-5091 (D.C. Cir. argued Feb. 24, 2026) ("*NTEU*"), for the same reasons of judicial economy advanced here.[1]  As the *Harris County* court noted:

> The Court appreciates the parties' interest in having the legality of the government's mass grant termination decision adjudicated as soon as possible. However, Climate United Fund appears to bear directly on the Tucker Act jurisdiction issues presented in this case, as well as the underlying constitutional and statutory claims arising from the government's termination decision. It is therefore in the interest of judicial economy to stay the case temporarily.

Order at 1, *Harris Cnty., Tex.*, Dkt. No. 62; *see also, e.g.*, *AIDS Vaccine Advoc. Coal.*, No. 1:25-cv-00400-AHA (staying case due to overlap in issues with *Climate United Fund*, *NTEU*, and *Vera Institute* with consent from Federal Programs Branch of DOJ); *Bldg. Materials Re-Use Assoc.*, No. 1:25-cv-02493-ABJ (staying case due to overlap in issues with *Climate United Fund* and *Vera Institute*, with consent from U.S. Attorney's Office for the District of D.C.); *Cristosal Hum. Rts.*, No. 1:25-cv-00857-LLA (staying case due to overlap in issues with *Climate United Fund* and *NTEU*, with consent from Federal Programs Branch of the DOJ).

---

[1] In *Vera Institute of Justice*, the plaintiffs appealed the district court's dismissal of their challenge to a grant termination, which the district court dismissed on the grounds that the Tucker Act divests the district court of jurisdiction. *Vera Inst. of Just. v. U.S. Dep't of Just.*, 805 F. Supp. 3d 12, 24 (D.D.C. 2025). As relevant here, *NTEU* involves a dispute over whether a separation-of-powers constitutional challenge is actually a statutory claim that must be reviewed under an *ultra vires* standard. *Nat'l Treasury Emps. Union v. Vought*, 774 F. Supp. 3d 1, 42 (D.D.C.), *vacated and remanded*, 149 F.4th 762 (D.C. Cir.), *reh'g en banc granted, opinion vacated*, No. 25-5091, 2025 WL 3659406 (D.C. Cir. Dec. 17, 2025). The D.C. Circuit vacated its panel decision that found the district court lacked jurisdiction to hear the plaintiffs' claims and is rehearing the case *en banc*. Both cases are also fully briefed and argued.

The relative burdens on the parties also favor a stay. If a stay is not granted, Plaintiff (and indeed Defendants) will "have to draft and file briefs on dispositive motions without the D.C. Circuit's decision, and then will almost certainly submit supplemental briefs that address that decision when it issues." *Vt. Nat'l Tel. Co.*, 2017 WL 11898169, at *3. Additionally, "judicial resources may need to be expended on resolving issues that will be mooted or substantially modified by the D.C. Circuit's decision[.]" *Id.* There is no burden on Defendant if a stay is granted. Plaintiff never received any grant funds, and so the government's financial position will be unchanged. *See* Mot. to Dismiss at 6. There are no pending motions for emergency relief. There is no looming statute of limitations. And, Defendants were willing to agree to a three-week extension and never explained how a stay would prejudice it during the numerous meet-and-confers regarding the motion to dismiss briefing schedule. The *status quo* will remain exactly the same for Defendants until the D.C. Circuit issues its decision in *Climate United Fund*.

Plaintiff further requests that the Court suspend the briefing deadlines in this case while it considers this motion to stay. Retaining the existing deadlines presents the possibility that the motion to stay will not be decided until Plaintiff responds to the motion to dismiss, which would defeat the purposes of judicial economy if it does grant the motion to stay. It will also preserve the current positions of the parties and allow for orderly consideration of the issues.

## III.    CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court:

1)    suspend the briefing deadlines for Defendants' motion to dismiss until it issues its decision on this motion to stay;

2)    order expedited briefing on this motion to stay;

3)    stay the case pending the D.C. Circuit *en banc* decision in *Climate United Fund*; and

4)      order a status conference to discuss a revised briefing schedule within seven days

of the *Climate United Fund* decision.

Dated: March 25, 2026                                  Respectfully submitted,

By: */s/ Edward G. Caspar*                          By: */s/ Keith J. Harrison*
Edward G. Caspar, D.C. Bar No. 1644168        Keith J. Harrison, D.C. Bar No. 416755
Leah Frazier, D.C. Bar No. 492540*              Christian N. Curran, D.C. Bar No. 1004269
Gillian Cassell-Stiga, D.C. Bar No. 90032319*   Alexandra Barbee-Garrett,* D.C. Bar No. 187886
Marc P. Epstein, D.C. Bar No. 90003967

                                                    CROWELL & MORING LLP
LAWYERS' COMMITTEE FOR                           1001 Pennsylvania Avenue, N.W.
CIVIL RIGHTS UNDER LAW                           Washington, DC 20004-2595
1500 K Street N.W. Suite 900                     Tel: (202) 624-2500
Washington, D.C. 20005                          KHarrison@crowell.com
Tel: 202-662-8300                               CCurran@crowell.com
ecaspar@lawyerscommittee.org                     ABarbee-Garrett@crowell.com
lfrazier@lawyerscommittee.org
gcassell-stiga@lawyerscommittee.org
mepstein@lawyerscommittee.org                    */s/ Warrington Parker*
                                                    Warrington Parker, CA Bar No. 14803

                                                    CROWELL & MORING LLP
                                                    3 Embarcadero Center, 26th Floor
                                                    San Francisco, CA  94111
                                                    Tel: (415) 986-2800
                                                    WParker@crowell.com

                                                    Attorneys for National Digital Inclusion Alliance

                                                    **Pro Hac Vice*

8

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Federal Rule of Civil Procedure 5 and LCvR 5.4, I hereby certify the foregoing

document was filed using the Court's ECF system, and a copy will be served upon the following

Defendants by certified mail, return receipt requested:

President Donald J. Trump
The White House
1600 Pennsylvania Avenue, N.W.
Washington, DC  20500

U.S. Department of Commerce
1401 Constitution Avenue, N.W.
Washington, DC  20230

Howard Lutnick
U.S. Department of Commerce
1401 Constitution Avenue, N.W.
Washington, DC  20230

Arielle Roth
U.S. Department of Commerce
1401 Constitution Avenue, N.W.
Washington, DC  20230

NATIONAL TELECOMMUNICATIONS AND INFORMATION ADMINISTRATION
U.S. Department of Commerce
1401 Constitution Avenue, N.W.
Washington, DC  20230

NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGY
100 Bureau Drive
Stop 1070
Gaithersburg, MD  20899-1070

Craig Burkhardt
NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGY
100 Bureau Drive
Stop 1070
Gaithersburg, MD  20899-1070

OFFICE OF MANAGEMENT & BUDGET
725 17th Street, N.W.
Washington, DC  20503

Russell Vought
OFFICE OF MANAGEMENT & BUDGET
725 17th Street, N.W.
Washington, DC  20503

Dated: March 25, 2026                         */s/ Keith J. Harrison*          
                                              Keith J. Harrison