**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL DIGITAL INCLUSION ALLIANCE,<br><br>    Plaintiff,<br><br>    v.<br><br>DONALD TRUMP, *et al.*,<br><br>    Defendants. | Civil Action No. 25-3606 (JDB) |

<u>**MEMORANDUM ORDER**</u>

The National Digital Inclusion Alliance (NDIA) sues the President and other federal defendants for terminating a federal grant program that expands broadband access for underserved Americans.  The Government has moved to dismiss NDIA's claims on several grounds, including that the program unconstitutionally discriminates based on race, and that NDIA's claims fall into the exclusive jurisdiction of the Court of Federal Claims under the Tucker Act.  NDIA now asks the Court to stay this case pending resolution of the D.C. Circuit's en banc review in <u>Climate United Fund v. Citibank, N.A.</u>, 154 F.4th 809 (D.C. Cir. 2025), <u>reh'g en banc granted, opinion vacated</u>, No. 25-5122, 2025 WL 3663661 (D.C. Cir. Dec. 17, 2025).  NDIA argues that the en banc court's decision in <u>Climate United</u>, which concerns the President's termination of federally funded grants, may clarify legal issues in this case, and that a stay would avoid potential duplicative work. The Government opposes a stay, arguing that the legal issues in this case and <u>Climate United</u> are distinct, and that there are several bases for dismissal here that are not at issue in that case.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). But granting a stay "pending the resolution of unrelated legal proceedings is an extraordinary remedy." Nat'l Indus. for the Blind v. Dep't of Veterans Affs., 296 F. Supp. 3d 131, 137 (D.D.C. 2017) (denying stay); see also Belize Soc. Dev. Ltd. v. Gov't of Belize, 668 F.3d 724, 732-33 (D.C. Cir. 2012) ("A court abuses its discretion in ordering a stay 'of indefinite duration in the absence of a pressing need'" (quoting Landis, 299 U.S. at 255)). The Supreme Court has admonished that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." Landis, 299 U.S. at 255; see also Judicial Watch, Inc. v. DOJ, 57 F. Supp. 3d 48, 50 (D.D.C. 2014) (Bates, J.) (same). The well "beaten track" of civil litigation is for cases to proceed on their own schedules, and for courts to consider new authority as it arises. Landis, 299 U.S. at 256. To depart from that course, the movant must show a "clear case of hardship or inequity in being required to go forward," and the requested stay must be "moderat[e]" even if the pending decision could "settle every question of fact and law." Id. at 255-56.

NDIA asks this Court to delay briefing until the D.C. Circuit issues its en banc decision in Climate United. Such a stay may "help alleviate the need for the parties to amend or supplement the remaining briefing on the motion to dismiss." Mot. [ECF No. 33] 2. That is because Climate United may clarify the law that governs federal district court jurisdiction over grant-termination claims and whether challenges to executive impoundments must generally be brought as statutory ultra vires claims.

This Court is unconvinced that a stay is warranted.  As an initial matter, the Government's main argument for dismissal is entirely separate from the issues presented in Climate United. Namely, the Government argues that it may terminate the program at issue here because it unconstitutionally discriminates based on race.  Thus, even if Climate United provides new governing law on several other relevant issues, it may not be necessary for the resolution of this case.[1]  After all, the Supreme Court, in Landis, voiced skepticism of stays based on separate proceedings on appeal when the parties before the district court could make arguments unlikely to be affected by whatever new authority might arise.  299 U.S. at 256; see also Nat'l Indus., 296 F. Supp. 3d at 143 (denying stay where the Court would be required to conduct a "wholly separate inquiry" regardless of the outcome of the parallel proceeding).[2]

Second, NDIA's argument that Climate United will provide relevant new law is "too speculative" to justify a stay.  Asylumworks v. Mayorkas, Civ. A. No. 20-3815, 2021 WL 2227335, at *5 (D.D.C. June 1, 2021) (denying stay pending parallel proceedings).  The D.C. Circuit may not reach the merits in Climate United.  After en banc argument, the D.C. Circuit requested supplemental briefing on whether Congress's subsequent rescission of unobligated funds in that case affected the plaintiffs' entitlement to relief.  Climate United, No. 25-5122 (D.C. Cir. Mar. 9, 2026) (order calling for supplemental briefing).  If the Circuit resolves Climate United on that basis, it likely will not address the issues that NDIA believes are relevant to this case.

Even on the merits, Climate United raises substantially different issues from this case. The questions presented in that case are about federal court jurisdiction over claims related to the

---

[1] At this early juncture, the Court takes no position on the merits of the Government's Equal Protection argument, or whether, if the Government prevails on that argument, dismissal of NDIA's entire action is the appropriate remedy.

[2] In its reply, NDIA argues a stay is warranted despite the entirely separate basis for dismissal presented by the Government because Climate United contains a jurisdictional issue.  But, as detailed below, the Supreme Court has indicated that the jurisdictional issue in Climate United is likely different than the one presented in this case, and Climate United may well be decided based on mootness.

termination of individual grant awards, and whether challenges to those terminations can be brought in this Court directly under the Constitution.  Climate United, 154 F.4th at 817-18.  But NDIA challenges the termination of the Competitive Grant Program, not merely the cancellation of its individual award (although reinstatement of its award may flow from the relief it seeks).  It may be that program-cancellation claims must be treated differently than individual grant-termination claims for purposes of assessing district court jurisdiction.  See NIH v. Am. Pub. Health Ass'n, 145 S. Ct. 2658, 2660-62 (2025) (Barrett, J., concurring) (opining that the court of federal claims has exclusive jurisdiction over grant-termination claims but not claims related to prospective administrative guidance).  True, the Government has argued that NDIA's claims are properly understood as concerning the cancellation of their individual awards, but the merits of Climate United will only affect this Court's analysis if the Court agrees with the Government's arguments on that point.[3]

Lastly, the Court is not convinced that NDIA will suffer a "clear case of hardship."  At most, NDIA says it may have to "amend or supplement the remaining briefing on the motion to dismiss."  Mot. 2.  As discussed above, the amount of duplicative work generated by Climate United may be minimal.  And amendment and supplemental briefing regularly occur within the ordinary course of litigation—without more, they do not justify the "extraordinary remedy" of a stay.  Nat'l Indus., 296 F. Supp. 3d at 137; see Asylumworks, 2021 WL 2227335, at *6 (rejecting the idea that "expenditure of resources in proceeding with the litigation" would constitute the type

---

[3] NDIA references several cases where courts in this district have stayed grant-termination cases pending Climate United.  Those courts concluded that the claims and defenses presented mirrored those at issue in Climate United to a greater degree than those at issue here, see e.g., Order, Harris County v. Kennedy, Civ. A. No. 25-1275, ECF No. 62 (D.D.C. Jan. 23, 2026), the cases involved the consent of both parties, Minute Order, AIDS Vaccine Advoc. Coal. v. U.S. Dep't of State, Civ. A. No. 25-cv-400 (D.D.C. Jan. 10, 2026), and/or the courts did not issue written opinions explaining why a stay was warranted.  And, as the Government points out, at least one court in this district has moved forward on similar issues since the D.C. Circuit took Climate United en banc.  New Mexico v. Musk, Civ. A. No. 25-429, 2026 WL 799635 (D.D.C. Mar. 23, 2026).

of hardship justifying a stay).  By contrast, several factors counsel against a stay.  The Government opposes the motion and has a strong interest in the resolution of the constitutionality of an important piece of federal legislation.  The delay may be considerable; indeed, the en banc process can be lengthy.  And delay provides NDIA with an asymmetric advantage to consider at greater length the arguments the Government has made in its motion to dismiss.  Overall, NDIA has not carried its burden to show a "clear case of hardship" will occur absent a stay.  Landis, 299 U.S. at 255.

In conclusion, the Court determines that a stay is not warranted.  NDIA has failed to show that the jurisdictional issues presented in this case necessarily overlap with those in Climate United, the Government offers independent grounds for dismissal, and the cost of potentially submitting supplemental briefing is minor.

Upon consideration of [33] the motion to stay, and the entire record herein, it is hereby ORDERED that the motion is DENIED; it is further ordered that the stay on briefing is LIFTED, and NDIA's response in opposition to the motion to dismiss shall be filed not later than May 4, 2026, with any reply to be filed not later than May 25, 2026.

SO ORDERED.

_____/s/_____
JOHN D. BATES
United States District Judge

Dated: April 13, 2026