**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

NATIONAL DIGITAL INCLUSION
ALLIANCE,

*Plaintiff,*

v.

PRESIDENT DONALD J. TRUMP, *et al.*,

*Defendants.*

Civil Action No. 1:25-cv-03606-JDB

**CONSENT MOTION OF THE BENTON INSTITUTE FOR BROADBAND & SOCIETY
FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Proposed *Amicus Curiae* The Benton Institute for Broadband & Society ("Benton") respectfully requests leave to file the attached amicus brief in support of Plaintiff's Opposition to Defendants' Motion to Dismiss. Pursuant to Local Rules 7(m) and (o), Benton has contacted counsel for both Plaintiff and Defendants. Both parties consent to the filing of this motion.

In support of this Motion, Benton states as follows:

1. This Court has "broad discretion" in permitting participation by non-parties through *amicus curiae* briefs. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). An *amicus curiae* "participates only for the benefit of the Court." *United States v. Microsoft Corp.*, No. 98-1232, 2002 WL 319366, at *2 (D.D.C. Feb. 28, 2002). "When the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide," leave to file is appropriate. *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)).

1

2.  Benton's expertise in the importance of increasing broadband access for all informs its analysis for the Court. The proposed amicus brief attached for the Court's consideration presents Benton's perspective on the impact of the Defendants' actions in repealing the Digital Equity Competitive Grant Program, in light of the longstanding "digital divide" that is of particular concern in this case.

3.  Benton agrees with the Plaintiff that the Court should, among other reliefs, deny Defendants' Motion to Dismiss on the grounds that the Digital Equity Act is unconstitutional. Benton writes separately to emphasize the research behind the DEA and the application of the Supreme Court's test in *Students for Fair Admissions, Inc v. President & Fellows of Harvard College*, 680 U.S. 181 (2023), to support its position that the Digital Equity Act's reference to "members of a racial or ethnic minority group" is not an explicit facial racial classification.

4.  In accordance with Local Rule 7(o)(5), Benton confirms no party's counsel authored the proposed amicus brief in whole or in part; no party's counsel contributed money that was intended to fund preparing or submitting the brief; and no person other than Benton, its members, or its counsel contributed money that was intended to fund preparing or submitting the proposed amicus brief.

For the reasons stated above, Benton respectfully requests that the Court grant the foregoing motion for leave to file the attached *amicus curiae* brief. Pursuant to Local Civil Rule 7(o), a proposed order is also attached to this motion.

3

Dated: May 11, 2026                          Respectfully submitted,

                                              /s/ Mason A. Kortz

                                             Mason A. Kortz, #MA0057
                                             Cyberlaw Clinic
                                             Harvard Law School
                                             1557 Massachusetts Avenue, 4th Floor
                                             Cambridge, MA 02138
                                             Tel: 858-922-1990
                                             Email: mkortz@law.harvard.edu

                                             *Counsel for Amicus Curiae*