**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL DIGITAL INCLUSION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | No. 1:25-cv-3606-JDB |

**JOINT STATUS REPORT**

In compliance with this Court's order of August 5, 2026, the parties submit the following joint status report and proposed order.

As explained in the parties' Joint Status Report of August 3, 2026, ECF 61, the National Telecommunications and Information Administration (NTIA), within the Department of Commerce (DOC), will reinstate the Digital Equity Competitive Grant Program, 47 U.S.C. § 1724, in a manner that does not implement § 1721(8)(G), but that otherwise incorporates the statutory requirements. *See* Memorandum Opinion, *Nat'l Digital Inclusion All. v. Trump*, __ F. Supp. 3d __, 2026 WL 2042806, at *16 (D.D.C. July 15, 2026), ECF 60. Defendants have represented that DOC is targeting a December 2026 opening date for the Notice of Funding Opportunity (NOFO) and applications for the Competitive Grant Program application. After the NOFO is issued, Defendants will review applications under the Competitive Grant Program NOFO, consistent with the statutory evaluation criteria. 47 U.S.C. § 1724(d)(1).

**The Parties' Joint Position**

The parties agree that a stay of district court proceedings (including, but not limited to, Defendants' deadline to answer the complaint and discovery) is appropriate and will allow NTIA to

focus on reinstating the Competitive Grant Program consistent with its statutory requirements (not including § 1721(8)(G)). Thus, the parties propose a stay of district court proceedings until two weeks after NTIA issues the NOFO or Friday, January 15, 2027, whichever is earlier. The parties propose filing periodic status reports until NTIA issues the NOFO, but disagree on the frequency. The parties will meet-and-confer on the status of the NOFO not later than Friday, October 16, 2026. For the Court's awareness, after NTIA issues the NOFO, the parties may discuss extending the stay until the time that awards are issued under the Competitive Grant Program; the parties currently take no position on the merits of any such extension.

The parties propose submitting a proposed briefing schedule on the issue of mootness and any remaining issues at a later date as necessary should further briefing be required. The parties request that the foregoing stay of proceedings remain in place during any such mootness briefing.

The parties attach a proposed order to this effect.

**Plaintiff's Position**

Plaintiff requests that the parties should be required to file status reports every 30 days until NTIA issues the NOFO in order to ensure prompt attention to reinstatement of the Competitive Grant Program that has been unduly delayed due to Defendants' actions that are the subject of this litigation. Plaintiff also believes that four months to issue the NOFO is longer than reasonably necessary. However, Plaintiff agrees to the stay in order to allow Defendants to reinstate the Competitive Grant Program consistent with existing statutory requirements (not including § 1721(8)(G)). To ensure that they do so, Plaintiff attaches its suggestions for DOC and NTIA to consider to this report as **Exhibit 1**. Plaintiff reserves the right to move to lift the stay and continue the litigation should the NOFO be inconsistent with the statutory requirements.

**<u>Defendants' Position</u>**

Defendants object to Plaintiff's assertion that four months to issue the NOFO is longer than reasonably necessary. Defendants' proposed timeline is reasonable given the steps required to relaunch the Program, including drafting and revising the NOFO consistent with the DEA's statutory criteria, applicable law, and this Court's order; adhering to statutory requirements that applied to both the first NOFO and this superseding NOFO, such as the Paperwork Reduction Act, 44 U.S.C. § 3501 *et seq.*; soliciting and obtaining all requisite inter- and intra-agency clearances and approvals; and fulfilling NTIA's obligation to simultaneously administer various other grant programs, such as the $42 billion Broadband Equity Access and Deployment (BEAD) program. Defendants add that NTIA began work on the first Competitive Program NOFO in December 2023—over two years after the Digital Equity Act was enacted, *see* Pub. L. No. 117-58, div. F, tit. III, §§ 60301-60307, 135 Stat. 1209 (Nov. 15, 2021)—and took seven months to draft, approve, and ultimately publish that NOFO, in July 2024. Defendants' intended timeline to draft and publish the NOFO would cut the previous NOFO's timeline nearly in half.

Defendants also oppose the inclusion of an exhibit containing Plaintiff's suggestions as a court filing and any notion that they are—or indeed could be—bound by the same. While Plaintiff purports to attach this exhibit to "ensure" that DOC will "reinstate the Competitive Grant Program consistent with existing statutory requirements," Plaintiff's instructions—including particularized application deadlines and even suggested webinars—are wholly untethered from DOC's statutory obligations. Plaintiff is welcome to submit a new grant application when NTIA publishes the NOFO. But it is not proper for a private party (much less a putative grant applicant) or the Court to supervise NTIA's day-to-day operations, as Plaintiff's exhibit seems to invite. And many of the decisions identified in Plaintiff's exhibit—such as the application deadline, the timeline to execute grant contracts, what rubric to use when scoring applicants, and whether to allocate grant awards on a rolling

basis—are committed to the agency's discretion. *Cf. Swinomish Tribal Cmty. v. FERC*, 627 F.2d 499, 510 (D.C. Cir. 1980) ("It is well-settled that administrative agencies enjoy a broad discretion in the manner of carrying out their statutory functions and responsibilities."). Plaintiff may not reshape this case into a vehicle for general interest-group oversight of the agency.

For similar reasons, the Court should order status reports every 60 days. Counsel for Plaintiff advises that more frequent status reports would help "ensure that the reimplementation of the Competitive Grant Program continues at the anticipated pace." But Defendants have agreed to reopen the Competitive Grant Program, and that agreement is entitled to a presumption of regularity, *see generally U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 10 (2001). Plaintiff simply has no valid basis for superintending DOC's discharge of its statutory responsibilities at whatever cadence Plaintiff sees fit. The APA does not authorize "a general judicial review of [an agency's] day-to-day operations." *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 899 (1990). "The prospect of pervasive oversight by federal courts over the manner *and pace* of agency compliance with such congressional directives is not contemplated by the APA." *Norton v. So. Utah Wilderness All.*, 542 U.S. 55, 67 (2004) (emphasis added).

Finally, although the parties agree to a stay of proceedings, Defendants' position is that this agreement is not meant to prevent (and cannot prevent) the parties from briefing mootness, which is an issue of this Court's subject-matter jurisdiction.

Dated: August 17, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

STEPHEN M. ELLIOTT
Assistant Branch Director
Federal Programs Branch

*/s/ Winston Shi*
WINSTON SHI (NY Bar No. 5747068)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel.: 202-880-0387
E-mail: winston.g.shi@usdoj.gov

*Counsel for Defendants*

Edward G. Caspar, D.C. Bar No. 1644168
Leah Frazier, D.C. Bar No. 492540*
Gillian Cassell-Stiga, D.C. Bar No. 90032319*
Marc P. Epstein, D.C. Bar No. 90003967

LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W. Suite 900
Washington, D.C. 20005
Tel: 202-662-8300
ECaspar@lawyerscommittee.org
LFrazier@lawyerscommittee.org
GCassell-Stiga@lawyerscommittee.org
MEpstein@lawyerscommittee.org

*/s/ Christian N. Curran*
Keith J. Harrison, D.C. Bar No. 416755
Christian N. Curran, D.C. Bar No. 1004269
Alexandra Barbee-Garrett,* D.C. Bar No. 187886

CROWELL & MORING LLP
600 Fifth St. N.W.
Washington, DC 20001
Tel: (202) 624-2500
KHarrison@crowell.com
CCurran@crowell.com
ABarbee-Garrett@crowell.com

Warrington Parker,* CA Bar No. 14803
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800
WParker@crowell.com

Jeffrey Severson,* CO Bar No. 53395
CROWELL & MORING LLP
1601 Wewatta Street, Suite 815
Denver, CO 80202
Tel: (303) 524-8630
jseverson@crowell.com

Attorneys for National Digital Inclusion Alliance

**Pro Hac Vice*